**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



FILED

Oct 29 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JARED MICHEL THOMAS**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL WAYNE NORRED, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1303-CR-94 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Jill R. Marcrum, Magistrate
Cause No. 82D05-1207-CM-3368

**October 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

Michael Norred appeals his conviction for Class C misdemeanor panhandling arguing that the evidence is insufficient to support it. Because the evidence shows that he was talking to motorists in order to get money to return to Illinois, we conclude that the evidence is sufficient and therefore affirm.

**Facts and Procedural History**

On June 23, 2012, Vanderburgh County Sheriff's Deputy Brandon Rolley and another deputy were dispatched to the intersection of Red Bank Road and Lloyd Expressway in Evansville to respond to complaints that an individual was causing a traffic hazard. When Deputy Rolley arrived, he saw Norred walking along the westbound lanes of Lloyd Expressway, talking to motorists. Deputy Rolley parked his car, approached Norred, and asked him what he was doing. Norred told Deputy Rolley that "he was attempting to try to get money back [sic] to go back to Illinois." Tr. p. 23. Deputy Rolley could not hear the conversation Norred had with the motorists.

The State charged Norred with Class C misdemeanor panhandling. A bench trial was held. In his defense, Norred stated that he was holding a sign that said, "Homeless hungry vet. Please help. God Bless." *Id.* at 31. According to Norred, he only spoke to motorists when they asked him questions first, and he did not ask them for money. He did admit to receiving a little money from motorists while he was there.

The trial court found Norred guilty of Class C misdemeanor panhandling. [1] *Id.* at

---

[1] At the beginning of trial, Norred filed a motion to dismiss on the basis that the panhandling statute was unconstitutional. The trial court took the motion under advisement and stated it would make its determination after the trial was held. In convicting Norred, the trial court impliedly determined that the statute was constitutional. Norred does not argue in this appeal that the statute is unconstitutional.

46. The trial court sentenced him to thirty days in the Vanderburgh County Jail, all suspended on the condition that Norred complete sixteen hours of community service.

Norred now appeals.

**Discussion and Decision**

Norred claims that the evidence is insufficient to support his conviction for Class C misdemeanor panhandling. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Panhandling is defined as soliciting an individual on a street or in another public place by requesting an immediate donation of money or something else of value. Ind. Code § 35-45-17-1(a). The phrase "soliciting an individual" includes soliciting an individual by making an oral request. The phrase does not include an act of passively standing or sitting while displaying a sign or other indication that a donation is being sought or without making an oral request other than in response to an inquiry by another person. *Id.* § 35-45-17-1(b)-(c).

To convict Norred of Class C misdemeanor panhandling, the State had to prove that he knowingly panhandled a motorist while the individual being solicited was in a motor vehicle that was parked or stopped on a public street or alley (unless the person soliciting

3

the individual had the approval to do so by a unit of local government that has jurisdiction over the public streets or alley). *Id.* § 35-45-17-2(2)(C). A person soliciting money "may ply their craft lawfully by holding up a sign that says 'give me money' . . . so long as one does not voice the words to the effect of 'give me money.'" *Alvies v. State*, 895 N.E.2d 1237, 1241 (Ind. Ct. App. 2008).

Here, Deputy Rolley testified that he observed Norred talking to motorists in their cars. Norred also admitted that he was trying to get money to return to Illinois. Moreover, Norred told the deputy that he received some money from motorists while he was at the intersection.

Although Norred claims that he was merely standing in the median of the intersection holding a sign and that he only spoke to motorists when they spoke to him first, this is merely a request for us to reweigh the evidence, which we cannot do. Deputy Rolley observed him knowingly solicit an individual who was in a motor vehicle that was stopped on a public street.

Based on the evidence most favorable to the judgment, we conclude that the evidence is sufficient to sustain Norred's conviction for Class C misdemeanor panhandling.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.